La Marche, Appellant, vs. Schoenrock, Respondent.

*March 9—April 11, 1933.*

*Walter P. Melchior* and *Wendell McHenry,* both of New London, for the appellant.

For the respondent there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Ray C. Dempsey.*

Fairchild, J.   The judgment was satisfied by the attorney of record for the judgment creditor within five years

after the entry of the judgment. The satisfaction so given is conclusive upon the judgment creditor unless the respondent had notice of the revocation of the authority of the attorney before the payment and the issuing of the satisfaction. Sec. 270.88, Stats. The history of this transaction begins September 5, 1925, when an action was begun by appellant to collect the amount due on account from the respondent and his brothers. The judgment in that action was entered September 26, 1925, none of the defendants having interposed an answer. Because the respondent, before the entry of that judgment, transferred to his wife certain of his real estate, a second action was begun by the appellant to set aside that conveyance on the ground of fraud. That action was begun early in 1926 but was never tried. On February 11, 1926, respondent began proceedings to vacate the judgment entered in the first action, claiming that he was not a member of the firm against which the judgment was entered and therefore not responsible for the debt. On January 30, 1926, the appellant released certain lots owned by respondent from the lien of the judgment entered September 26, 1925, and thereafter negotiations looking towards a settlement were had between the appellant and respondent in which at times appellant's attorney took part. At the time of the giving of the satisfaction according to the evidence accepted as true by the court, there was some discussion between the appellant, respondent, and attorney which resulted in a payment by the respondent of $250 in cash, the securing of an order from Schoenrock Brothers signed by E. J. Schoenrock on the Menzie Shoe Company for $1,580, and an order signed by the Schoenrock & Sons Company by E. J. Schoenrock on the Wisconsin Church Mutual Fire Association for $250, and the execution of the satisfaction by the attorney of record of the judgment entered on September 26, 1925.

Appellant complains that the findings of the trial court that appellant knew of the settlement made by his attorney and approved of it are not sustained by the evidence. There is a dispute in the evidence as to what was said in conversation preceding the giving of the satisfaction sought to be vacated. Appellant's testimony is to the effect that he notified his attorney not to settle the case for less than the judgment with interest. The evidence on behalf of the respondent is to the effect that there was a definite understanding between all concerned and that appellant instructed his attorney to adjust the matter in the way it was adjusted. There is no such clear preponderance of the evidence against the findings of the trial court as to justify disturbing them. The satisfaction of the judgment, so far as material here, reads as follows:

"And whereas, Walter Schoenrock, one of the defendants named in the above entitled action, contends and asserts that he was not a partner of the firm of Schoenrock & Sons at the time or during the time said indebtedness accrued and therefore not liable for said indebtedness or upon the judgment so obtained;

"And whereas, the said Walter Schoenrock has brought an action to set aside the judgment entered herein in so far as said judgment is against him;

"And whereas, the said Walter Schoenrock is desirous of avoiding litigation connected herewith and is desirous and willing to make a payment to the plaintiff for his release under said judgment:

"Now, therefore, in compromise and in consideration of the sum of $250, herewith paid by the said defendant, Walter Schoenrock, the receipt whereof is hereby acknowledged by the said plaintiff herein, the said plaintiff hereby releases the said defendant, Walter Schoenrock, from any and all further liability under or by virtue of said judgment, and the said judgment entered herein, in so far as the defendant, Walter Schoenrock, is concerned, is hereby discharged as to him."

For some years after the execution of the satisfaction the matter was permitted to rest and the appellant at no time

asked concerning the judgment or sought any information concerning the collection thereof, and although he saw the respondent on the average of once a week and his attorney who had charge of the business at least several times a day as he passed appellant's place of business, there appears to have been no conversation with either in relation to the matter. It will appear, upon considering the quoted portions of the satisfaction of judgment and the evidence, that respondent's release was procured by the payment of $250 in cash and the giving of certain orders. This was part of an arrangement under which respondent became surety upon an order for $250 and induced the giving of an order for $1,580 by his brothers. The evidence shows that upon the failure to pay the order for $250 upon which respondent was surety, a garnishee action was begun and that the sum of $200 was received. The other order upon which the respondent was not a surety has never been paid. But this does not affect the liability of the respondent, who under the arrangement was entitled to be released from the judgment. The findings of fact and the conclusions of law of the trial court in which he finds and holds that the appellant knew of and approved the settlement and satisfaction of the judgment are amply sustained by the evidence.

*By the Court.*—Judgment affirmed.